IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

V. TAD GREENE, on behalf of himself
and as personal representative of C.G.,
and ASHLEY L. GREENE,

    Plaintiffs,

v.                               Civil Action No. 5:09CV134
                                                  (STAMP)
NATIONWIDE MUTUAL INSURANCE COMPANY,
an Ohio corporation

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION FOR LEAVE TO FILE SURREPLY**
**IN OPPOSITION TO MOTION TO REMAND AND**
**GRANTING MOTION TO REMAND**

## I. Background

The above-styled civil action is before this Court as a result of a notice of removal filed by the defendant, in which the defendant asserts that federal jurisdiction is pursuant to 28 U.S.C. § 1332. The plaintiffs commenced this civil action in the Circuit Court of Wetzel County, West Virginia, to recover remaining benefits allegedly owed to them under an insurance policy issued by the defendant, as the result of a motor vehicle collision. Following removal of the action to this Court, the plaintiffs filed a motion to remand to which the defendant responded, and the plaintiffs replied. Thereafter, the defendant filed a motion for leave to file a surreply to the plaintiff's motion to remand. The plaintiff filed a response in opposition. For the reasons set forth below, the defendant's motion for leave to file a surreply is granted, and the plaintiffs' motion to remand is granted.

## II. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

## III. Discussion

A. Motion for Leave to File Surreply

The local rules of this Court state that a party should not file a surreply without first obtaining the permission of the court. L.R. Civ. P. 7.02(b)(4); Thomas v. Branch Banking & Trust Co., 443 F. Supp. 2d 806, 809 n.2 (N.D. W. Va. 2006). Generally, a surreply is permitted when a party seeks to respond to new material that an opposing party has introduced for the first time in its reply brief. Schwarzer, Tashima, & Wagstaffe, Federal Civil Procedure Before Trial 12:110 (The Rutter Group 2008). See also Khoury v. Meserve, 268 F. Supp. 2d 600, 605 (D. Md. 2003)

("Surreplies may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply."). If a court does not rely upon the new material raised in the opposing party's reply brief to reach its decision in a matter, then a surreply is superfluous and unnecessary. See e.g. E.E.O.C. v. LA Weight Loss, 509 F. Supp. 2d 527, 540 (D. Md. 2007) (denying the parties' motions to file surreplies because the court did not rely upon the new case law and evidence in making its decision); First Penn-Pacific Life Ins. Co. v. Evans, 162 F. Supp. 2d 423, 430 (D. Md. 2001) (denying plaintiff leave to file a surreply "[s]ince the Court will not be considering the additional contentions advanced"). In those circumstances, a motion for leave to file a surreply should be denied.

Here, in its motion to file a surreply, the defendant attaches exhibits that should have been, and could have been, attached to his original response. Nevertheless, this Court will consider any issues addressed by the defendant in its surreply in analyzing and reaching its holding. As stated more fully below, however, the defendant's surreply does not change this Court's ultimate holding that remand is appropriate.

B. Motion to Remand

In their motion to remand, the plaintiffs contend that this action must be remanded to state court because the defendant has failed to prove that the amount in controversy in this case is in

excess of $75,000.00, exclusive of interests and costs.  This Court agrees.

The burden of establishing the amount in controversy exceeds $75,000.00, exclusive of interests and costs, rests with the party seeking removal.  <u>Mulcahey</u>, 29 F.3d at 151.  This Court has consistently applied the "preponderance of evidence" standard to determine whether a defendant has met its burden of proving the amount in controversy.  When no specific amount of damages is set forth in the complaint, the defendant bears the burden of proving that the claim meets the requisite jurisdictional amount.  <u>Mullins v. Harry's Mobile Homes, Inc.</u>, 861 F. Supp. 22, 23 (S.D. W. Va. 1994).  In such circumstances, the court may consider the entire record before it and may conduct its own independent inquiry to determine whether the amount in controversy satisfies the jurisdictional minimum.  <u>Id.</u>

In this case, the plaintiffs' complaint does not set forth a total monetary sum requested.  Rather, in their complaint, the plaintiffs request damages "in excess of twenty-five thousand dollars ($25,000.00)."  (Pls.' Compl. 3.)  The defendant argues that the amount in controversy is in excess of the jurisdictional minimum because the plaintiffs seek recovery of underinsured motorist benefits under a motor vehicle policy carrying limits of $300,000.00, as well as under a personal umbrella policy, with limits of $1,000,000.00.  Furthermore, the defendant claims that because the plaintiffs seek as damages past and future pain and

4

suffering, past and future loss of enjoyment of life, past and future medical bills, past and future lost wages, past and future mental anguish and emotional distress, loss of spousal and parental consortium, and claims for attorneys' fees, costs, expenses, pre-judgment interest and post-judgment interest, the jurisdictional minimum is met.

After careful consideration of the record in this case, this Court finds that the defendant has not met its burden of proof with regard to the amount in controversy. The defendant's removal cannot be based on speculation; rather, it must be based on facts as they exist at the time of removal. See Varela v. Wal-Mart Stores, East, Inc., 86 F. Supp. 2d 1109, 1112 (D.N.M. 2000).

Here, the defendant has offered no competent proof or tangible evidence that the amount in controversy exceeds, or it is even highly conceivable that it will exceed, $75,000.00, exclusive of interests and costs. See Etchison v. Westfield Co., 2006 U.S. Dist. LEXIS 70574 (Sept. 26, 2006) (unpublished) (holding that federal diversity jurisdiction was properly based on evidence that the plaintiff was seeking pre-judgment interest, post-judgment interest, attorney's fees, costs on punitive damages, and made prior demands in the amount of $70,000.00 and $3 million). Considering all of the evidence, this Court finds that the defendant has not shown by a preponderance of the evidence that the plaintiffs will recover damages in excess of the jurisdictional minimum. Therefore, the plaintiffs' motion to remand must be

granted.  Nothing prevents, however, the defendant from filing a second notice of removal upon receipt of an amended complaint or some "other paper" from which it may first be ascertained that the case is one which has become removable.  28 U.S.C. § 1446(b).[1]

## IV. Conclusion

For the reasons stated above, the plaintiffs' motion to remand is hereby GRANTED.  Accordingly, it is ORDERED that this case be REMANDED to the Circuit Court of Wetzel County, West Virginia.  It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Wetzel County, West Virginia.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED:    March 10, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Of course, this case may not be removed on the basis of diversity more than one year after commencement of the action.  28 U.S.C. § 1446(b).